**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-2693

U-HAUL INTERNATIONAL, INC. and REPWEST INSURANCE COMPANY,

    Plaintiffs,

CRST MALONE, INC. and TERRANCE WILLIAMS,

    Defendants.

---

**NOTICE OF REMOVAL**

---

Defendants CRST Malone, Inc. ("CRST") and Terrance Williams (collectively "Defendants") by and through their undersigned counsel, Hall & Evans, LLC, hereby submit the following Notice of Removal of the above-captioned action from Cheyenne County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), and state as follows:

### I.  INTRODUCTION

1. Plaintiffs U-Haul International, Inc. ("U-Haul") and Repwest Insurance Company ("Repwest") (collectively "Plaintiffs") initiated this lawsuit on July 31, 2020 against Defendants in the District Court for the County of Cheyenne, State of Colorado, originally captioned *U-Haul International, Inc. and Repwest Insurance Company v. CRST International, Inc. and Terrance Williams*, Civil Action No. 2020CV30006 (the "State Action"). *See* **Exhibit A,** Plaintiffs' Civil Cover Sheet; **Exhibit B**, Plaintiffs' original Complaint.

2. Plaintiffs amended their Complaint to address the proper defendant entity before Defendants answered and the lawsuit is now captioned *U-Haul International, Inc. and Repwest*

*Insurance Company v. CRST Malone, Inc. and Terrance Williams*, and is pending in Cheyenne County District Court. *See* **Exhibit C**, Plaintiffs' First Amended Complaint.

2. Plaintiffs allege that on November 12, 2018, a motor vehicle accident occurred involving a U-Haul moving van operated by Rena Cherrick and a tractor trailer operated by Defendant Williams while in the course and scope of his employment with Defendant CRST, and that Plaintiffs suffered damages as a result of this accident. **Exhibit C**, ¶¶ 10 – 16.

3. Plaintiffs' First Amended Complaint alleges claims of Negligence, Negligence *Per Se* pursuant to C.R.S. § 42-4-1402, and *Respondeat Superior*. *Id.* at ¶¶ 24 – 41.

## II. COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendant Williams was served with the original Complaint on August 8, 2020. *See* **Exhibit D,** Affidavit of Service.

6. CRST International, Inc. was served with the original Complaint on August 5, 2020. *See* **Exhibit E,** Affidavit of Service. CRST Malone, Inc., the current defendant entity, waived and accepted service of the First Amended Complaint on September 1, 2020. *See* **Exhibit I**, Waiver and Acceptance of Service of Amended Complaint.

7. This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' original Complaint and Summons on Defendants and is timely pursuant to 28 U.S.C. §§ 1441 and 1446(b).

8. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiffs' counsel.

9. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint and Jury Demand |
| **Exhibit C** | First Amended Complaint and Jury Demand |
| **Exhibit D** | Affidavit of Service on Defendant Williams |
| **Exhibit E** | Affidavit of Service on Defendant CRST |
| **Exhibit F** | Delay Reduction Order |
| **Exhibit G** | Civility Order |
| **Exhibit H** | Spoliation of Evidence |
| **Exhibit I** | Waiver and Acceptance of Service for First Amended Complaint |

10. Pursuant to D.C.Colo.LCivR 81.1, Defendants state that no hearings or motions are pending, nor has any trial been set in the State Action.

11. Pursuant to Fed.R.Civ.P. 81(c), Defendants will present their defenses by pleading at the time prescribed herein, and specifically reserve their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

12. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.   DIVERSITY JURISDICTION

13. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different

states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. THE PARTIES ARE CITIZENS OF DIFFERENT STATES

14. Here, there is complete diversity of citizenship between Plaintiffs and Defendants. Plaintiff U-Haul is a citizen of Nevada. **Exhibit J**, AMERCO SEC Annual Report, pp. 3-4 (stating that U-Haul is a subsidiary of AMERCO and both AMERCO and U-Haul International, Inc. are incorporated in Nevada). *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) (finding that "[f]or purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.").

15. Plaintiff Repwest is a citizen of Arizona. **Exhibit C**, ¶ 1 and **Exhibit K**, Periodic Report with Colorado Secretary of State (indicating that Repwest was formed in Arizona and has a principal place of business in Arizona).

16. Defendant Williams is citizen of Texas. **Exhibit C**, ¶ 6.

17. Defendant CRST is a citizen of Delaware and Alabama with its principal place of business at 3930 601 Vestavia Parkway, Suite 200, Vestavia, AL, 35216. **Exhibit L**, Alabama Secretary of State Summary for CRST (indicating that CRST was formed in Delaware and its principal place of business is Alabama). *See* 28 U.S.C. § 1332(c) (holding "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

18. For purposes of federal diversity jurisdiction, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(1).

B.     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19.    The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In Plaintiffs' First Amended Complaint, Plaintiffs allege that they had suffered damages "in the amount of $93,491.51, including payments related to the U-Haul Vehicle and Equipment (less salvage value), towing costs, property damage to the UHaul Vehicle and Equipment, damage to the cargo, med pay, and damage to Ms. Cherrick's towed vehicle." **Exhibit C**, ¶ 23.[2]

20.    "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

21.    Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

22.    When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Id. at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28

---

[1] Defendants do not concede or waive their right to contest Plaintiffs' alleged damages.
[2] Defendants deny Plaintiffs' allegations regarding their alleged damages and injuries.

U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

23. Here, Plaintiffs admit that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the allegations contained in Plaintiffs' Complaint. *See* **Exhibit C**, ¶ 23.

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants hereby remove the above-captioned action from Cheyenne County District Court, Case No. 2020CV30006, to the U.S. District Court for the District of Colorado as provided by law and will proceed with this action as if it had originally been commenced in this Court.

Respectfully submitted this 4th day of September, 2020.

                Hall & Evans, LLC

                *s/ Amy T. Johnson*
                Lance G. Eberhart, #29617
                Amy T. Johnson, #47542
                1001 17th Street, Suite 300
                Denver, CO 80202
                Phone: (303) 628-3300
                Fax: (303) 628-3368
                eberharte@hallevans.com
                johnsona@hallevans.com
                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed electronically via CM/ECF this 4th day of September, 2020 with notifications to the following addresses:

Jamie H. Steiner, #49304
Husch Blackwell, LLP
1801 Wewatta St., Ste. 1000
Denver, CO 80202
Jamie.steiner@huschblackwell.com
*Attorneys for Plaintiffs*

    *s/ Annah Hillary*
    Annah Hillary, Legal Assistant
*This pleading was filed electronically pursuant to C.R.C.P. 121 §1-26. Original signed pleading is on file in counsel's office.*