| | |
|---|---|
| DISTRICT COURT, CHEYENNE COUNTY, COLORADO<br><br>Court Address: 51 E. 1st St.<br>          Cheyenne Wells, CO 80810 | DATE FILED: July 31, 2020 1:37 PM<br>FILING ID: 3F3C7493EEFDF<br>CASE NUMBER: 2020CV30006 |
| **Plaintiffs**:<br>U-HAUL INTERNATIONAL, INC., and REPWEST INSURANCE COMPANY<br><br>v.<br><br>**Defendants**:<br>CRST INTERNATIONAL, INC., and TERRANCE WILLIAMS. | ▲ **COURT USE ONLY** ▲ |
| **Attorney for Plaintiffs:**<br>HUSCH BLACKWELL LLP<br>Jamie H. Steiner, #49304<br>1801 Wewatta St., Suite 1000<br>Denver, CO 80202<br>Phone:    303-749-7200<br>Fax:       303-749-7272<br>E-mail:   jamie.steiner@huschblackwell.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiffs Repwest Insurance Company and U-Haul International, Inc. ("Plaintiffs"), by and through undersigned counsel, Husch Blackwell LLP, hereby submit the following Complaint.

## PARTIES, VENUE AND JURISDICTION

1.     Plaintiff Repwest Insurance Company ("Repwest") is an Arizona corporation, with its principal place of business located at 2721 N Central Ave, Phoenix, AZ 85004. Repwest adminsters claims for U-Haul International, Inc. ("U-Haul").

2.     Rena Cherrick rented a 2017 U-Haul 20-foot Moving Van and Auto Transport. With her rental, Ms. Cherrick purchased "Safemove" and "Safetow" coverage from U-Haul, which protects the lessee's cargo and towed vehicle, reimburses the lessee for certain damage to the U-Haul vehicle/equipment, and provides medical and life protection to the lessee.

3.     U-Haul and Repwest paid monies to or on behalf of the insured, Ms. Cherrick, related to her personal injury and the property loss and damage resulting from a vehicle collision

involving Ms. Cherrick and Terrance Williams on November 12, 2018, in Kit Carson, Colorado (the "Collision").

4.      CRST International, Inc. ("CRST"), is an Iowa corporation, with its principal place of business at 3930 16th Avenue SW, Cedar Rapids, IA 52404.

5.      Terrance Williams, an employee of CRST at the time of the Collision, was driving a 2015 Freightliner Tractor Truck, owned by CRST.

6.      The Police Report indicates that Mr. Williams is a resident of Houston, Texas.

7.      Pursuant to C.R.C.P. 98(c), venue is proper in this Court because the Collision occurred in Kit Carson, Colorado, in Cheyenne County.

8.      The Court possesses personal jurisdiction over the Defendants in this case because the Defendants' negligence leading to the Collision, which is the subject of this lawsuit, occurred in Colorado.

9.      The Court possesses subject matter jurisdiction over the issues raised herein pursuant to Article 6, Section 9 of the Constitution of the State of Colorado.

## GENERAL ALLEGATIONS

10.      Ms. Cherrick rented a U-Haul 20-foot Moving Van and Auto Transport (the "U-Haul Vehicle and Equipment").

11.      At the time of rental, Ms. Cherrick elected to purchase U-Haul's Safemove and Safetow protections.

12.      These policies protect a lessee's cargo and towed vehicle, reimburses the lessee for certain damage to the U-Haul Vehicle and Equipment, and provide medical and life protection to the lessee.

13.      On or about November 12, 2018, at 9:30 a.m., Ms. Cherrick was driving the U-Haul Vehicle and Equipment, and was driving through Kit Carson, Colorado, westbound on Highway 40.

14.      Near mile maker 445, Ms. Cherrick was attempting to turn left onto Forest St. from Highway 40, when Mr. Williams, in his 2015 Freightliner Corp, tried to pass Ms. Cherrick's vehicle on the left side.

15.      Upon information and belief, Mr. Williams was in the course and scope of his employment at the time of the Collision, as he was driving a vehicle owned by CRST, during business hours, for CRST's benefit.

16.     Mr. Williams dangerously and recklessly drove his vehicle across the divided highway median line and hit the right-side steps and saddle tank of Ms. Cherrick's U-Haul Vehicle and Equipment.

17.     Ms. Cherrick's U-Haul Vehicle and Equipment came to rest across the eastbound lane of Highway 40, facing south.

18.     Mr. Williams was cited in a police report for his careless driving, while Ms. Cherrick did not receive any citations related to the Collision.

19.     Ms. Cherrick was transported to the hospital in an ambulance and received medical treatment for her significant injuries.

20.     The U-Haul Vehicle and Equipment was severely damaged as a result of the Collision. It was towed from the scene of the Collision. Ms. Cherrick's personal property was also damaged.

21.     As a result of Mr. Williams' dangerous and reckless driving, while in the course and scope of his employment with CRST, Ms. Cherrick suffered personal injuries and property damage.

22.     Plaintiffs made payments on Ms. Cherrick's behalf, pursuant to the relevant protections that she purchased, in the amount of $93,491.51, including payments related to the U-Haul Vehicle and Equipment (less salvage value), towing costs, property damage to the U-Haul Vehicle and Equipment, damage to the cargo, med pay, and damage to Ms. Cherrick's towed vehicle.

## Count I
### (Negligence – Defendant Williams)

23.     Plaintiffs reallege and incorporate the foregoing allegations.

24.     Defendant Williams had an independent duty to exercise reasonable care and prudence in the operation of the CRST motor vehicle that he was operating at the time of the Collision.

25.     Defendant Williams' conduct in passing Ms. Cherrick on the left side, while she was making a left turn off of Highway 40 was careless and reckless.

26.     As a direct and proximate cause of Mr. Williams' negligent operation of the CRST vehicle, Ms. Cherrick suffered significant personal injuries and property damage.

27.     As a result of Mr. Williams' negligence, Plaintiffs are now equitably and contractually subrogated to the rights of Ms. Cherrick to the full extent of monies paid on her behalf, which will be proven at trial.

## Count II
### (Negligence *Per Se* – Defendant Williams)

28.     Plaintiffs reallege and incorporate the foregoing allegations.

29.     Defendant Williams' reckless, careless, and negligent driving, as averred above, constitutes negligence *per se*, pursuant to C.R.S. §42-4-1402.

30.     Mr. Williams received a citation at the time of the accident, for which, upon information and belief, he pled guilty and paid a fine.

31.     As a direct and proximate cause of Mr. Williams' negligence *per se*, Ms. Cherrick suffered significant personal injuries and property damage.

32.     As a result of Mr. Williams' negligence *per se*, Plaintiffs are now equitably and contractually subrogated to the rights of Ms. Cherrick to the full extent of monies paid on her behalf, which will be proven at trial.

## Count III
### (Respondeat Superior as to CRST)

33.     Plaintiffs reallege and incorporate the foregoing allegations.

34.     The vehicle driven by Mr. Williams at the time of the Collision was owned by CRST, Mr. Williams' employer.

35.     Mr. Williams was acting as an agent of CRST at the time of the Collision.

36.     Mr. Williams was acting in the course and scope of his employment at the time of the Collision as he was driving CRST's vehicle, during working hours, for CRST's benefit.

37.     As a direct and proximate cause of carelessness, recklessness, and negligence by Defendants, Ms. Cherrick suffered significant personal injuries and property damage.

38.     As a result of the doctrine of respondeat superior, CRST is responsible for damages and losses sustained by Ms. Cherrick and covered by Plaintiffs.

39.     Plaintiffs are now equitably and contractually subrogated to the rights of Ms. Cherrick to the full extent of monies paid on her behalf, which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

    A.  For damages in an amount to be proven at trial;

    B.  For interest, costs and attorney's fees allowable by law; and

    C.  For such other and further relief as this Court deems just and proper.

### PLAINTIFFS DEMAND TRIAL BY JURY

Dated this 31st day of July, 2020,

                          HUSCH BLACKWELL LLP

                        By:   */s/ Jamie H. Steiner*
                              Jamie H. Steiner, #49304

                              ***Attorneys for Plaintiffs***